```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
STAR FABRICS, INC.,                                               :
                                                                  :
                                      Plaintiff,                  :
                                                                  :        19-MC-144 (JMF)
                   -v-                                            :
                                                                  :     MEMORANDUM OPINION
GOGO APPAREL, INC.,                                               :          AND ORDER
                                                                  :
                                      Defendant.                  :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 21, 2017, Plaintiff Star Fabrics, Inc. obtained a default judgment from the United States District Court for the Central District of California against Defendant Gogo Apparel, Inc. in the amount of $13,122.85 plus statutory interest. Docket No. 1, at 2-3. On March 26, 2019, Plaintiff registered the judgment in this Court pursuant to Title 28, United States Code, Section 1963, which provides that "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in a like manner." 28 U.S.C. § 1963; *see* Docket No. 1. Plaintiff now moves to compel Defendant to respond to a set of requests for discovery in aid of its efforts to enforce the judgment. *See* Docket No. 4 ("Pl.'s Mem.").

Rule 69 of the Federal Rules of Civil Procedure provides that, "[i]n aid of [a] judgment or execution, the judgment creditor . . . may obtain discovery from any person — including the judgment debtor — as provided" elsewhere in the Rules or "by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Pursuant to that Rule, Plaintiff served interrogatories and document requests on Defendant in late March or early April 2019, shortly

after it had registered the judgment in this District. *See* Docket No. 5 ("Steger Decl."), ¶¶ 3-5; *id.* Exs. A, B, C. In "mid-April," Plaintiff's counsel began communicating with Defendant's counsel in connection with these discovery requests. Steger Decl. ¶ 7. "[E]xtensive" email communication ensued, but nothing more. *Id.* ¶ 8. To date, Defendant has neither responded to the discovery requests nor satisfied the underlying judgment. *Id.* ¶¶ 8-10; *see id.* Exs. D, E. On July 15, 2019 — more than one hundred days after serving the discovery requests — Plaintiff filed its motion to compel. *See* Docket No. 3.

Under the Federal Rules of Civil Procedure, a party must answer or object to interrogatories and documents requests "within 30 days after being served" with them (absent a stipulation or court order modifying that deadline). Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Untimely objections to interrogatories are waived "unless the court, for good cause, excuses the failure," Fed. R. Civ. P. 33(b)(4), and courts generally apply the same rule to document requests as well, *see Favors v. Cuomo*, No. 11-CV-5632 (RLM), 2013 WL 12358269, at *3 (E.D.N.Y. Aug. 27, 2013) (collecting cases). Applying those standards here, Defendant's responses are manifestly untimely, and any objections it might have lodged are long since waived. *See* Pl.'s Mem. 2 (asserting the waiver). Moreover, Defendant's arguments in opposition to Plaintiff's motion are, in one way or another, irrelevant. Defendant protests in cursory fashion that it "had no notice or actual knowledge of the underlying lawsuit" that produced the default judgment, Docket No. 9 ("Def.'s Mem."), at 1, and argues that "Plaintiff's demands to discover financial and business documents should be denied" because "the only responsive documents for this case are related to the purchase and sale of the infringing garments," *id.* at 2. But this is an action for discovery in aid of Plaintiff's efforts to enforce a judgment already obtained — that is to say, the copyright-infringement action that *produced* that judgment is over. Information related to Defendant's financial assets is plainly relevant in *this* action, whether or not it would have been

in the underlying one.  *See, e.g.*, *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (noting that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts" and "is constrained principally in that it must be calculated to assist in collecting on a judgment"); *see also* N.Y. C.P.L.R. § 5223 (providing that "[a]t any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment").

Finally, Defendant represents that its counsel "was only recently formally engaged to represent Defendant" in this case, and thus requests three additional weeks in which to respond and register objections to Plaintiff's requests.  Def.'s Mem. 2-3.  But the record here — none of which Defendant disputes — reflects that Defendant's counsel has been in contact with Plaintiff regarding this matter since "mid-April," roughly three months before Plaintiff filed its motion to compel.  *See* Steger Decl. ¶ 7.  Thus, Defendant has had ample time to respond to Plaintiff's demands.  Accordingly, its request for more time is denied.

For the foregoing reasons, Plaintiff's motion to compel Defendant to respond to its interrogatories and document requests is GRANTED.  **Within seven days of this Memorandum Opinion and Order**, Defendant shall either satisfy the underlying judgment or respond to Plaintiff's interrogatories and document requests.  Failure to do so may result in sanctions.  The Clerk of Court is directed to terminate Docket No. 3 and to close the case.

SO ORDERED.

Dated: July 23, 2019
      New York, New York

                                      JESSE M. FURMAN
                                  United States District Judge